Civil Action No. _____

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

---

### Hunter Mountain Investment Trust,

*Petitioner.*

---

On Petition for the Writ of Mandamus
to the United States District Court for the Northern District of Texas

---

## PETITION FOR WRIT OF MANDAMUS

---

**STINSON LLP**
Deborah Deitsch-Perez
Michael P. Aigen
2200 Ross Avenue, Suite 2900
Dallas, Texas 75201
Telephone: (214) 560-2201
Facsimile: (214) 560-2203
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

*Counsel for Petitioner*

<u>**NOTICE OF INTERESTED PARTIES**</u>

**Reorganized Debtor: Highland Capital Management, L.P.**

**Highland Claimant Trust**

Attorneys:
Jeffrey N. Pomerantz
jpomerantz@pszjlaw.com
Ira D. Kharasch
ikharasch@pszjlaw.com
John A. Morris
jmorris@pszjlaw.com
Gregory V. Demo
gdemo@pszjlaw.com
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

-and-

Melissa S. Hayward
MHayward@HaywardFirm.com
Zachery Z. Annable
ZAnnable@HaywardFirm.com
HAYWARD PLLC
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

i

**JAMES P. SEERY, JR.**

WILLKIE FARR & GALLAGHER LLP
Mark T. Stancil
Joshua S. Levy
1875 K Street, N.W. Washington, D.C. 20006
(202) 303-1000
mstancil@willkie.com
jlevy@willkie.com

REED SMITH LLP
Omar J. Alaniz
Texas Bar No. 24040402
Lindsey L. Robin
Texas Bar No. 24091422
2850 N. Harwood St., Ste. 1500
Dallas, Texas 75201
(469) 680-4292

CORE/3529447.0003/191181984.14

# TABLE OF CONTENTS

Notice Of Interested Parties ............................................................................................i

I.    Relief Sought ..........................................................................................................1

II.   Issue Presented........................................................................................................2

III.  Introduction.............................................................................................................3

IV.   Factual Background .................................................................................................4

V.    Standard of Review.................................................................................................9

VI.   Arguments for Issuing the Writ ............................................................................10

      A.    There Is No Other Avenue to Appeal the Bankruptcy Court's
            Order.............................................................................................................10

      B.    HMIT Would Be Irreparably Harmed by the Indefinite Stay............11

      C.    The Bankruptcy Court Abused its Discretion .....................................15

            1.    Highland Did Not Attempt to and Cannot Satisfy the Legal
                  Standard for Seeking a Stay......................................................16

            2.    The Standing Issues Raised in the Valuation and Claims
                  Trading Proceedings and the Motion for Leave Are Not
                  Identical....................................................................................21

            3.    The Bankruptcy Court Abused Its Discretion by Ordering an
                  Indefinite Stay .........................................................................25

Prayer ............................................................................................................................27

CORE/3529447.0003/191181984.14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Acis Capital Mgmt., L.P.*,
604 B.R. 484 (N.D. Tex. 2019) .........................................................................15

*Alexander v. Navient Sols., Inc.*,
No. 5:15-CV-00837-RP, 2016 WL 11588317 (W.D. Tex. Feb. 19,
2016) ...........................................................................................................19, 27

*In re Barrier*,
776 F.2d 1298 (5th Cir. 1985) .........................................................................10

*Cheyney State Coll. Faculty v. Hufstedler*,
703 F.2d 732 (3rd Cir. 1983) .........................................................................9, 25

*Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co., Inc.*,
761 F.2d 198 (5th Cir. 1983) .........................................................................15, 25

*CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc.*,
381 F.3d 131 (3rd Cir. 2004) .........................................................................25

*In re Davis*,
730 F.2d 176 (5th Cir. 1984) .........................................................................25

*Grace v. Vannoy*,
826 F.3d 813 (5th Cir. 2016) .........................................................................11

*Grigson v. Creative Artists Agency, L.L.C.*,
210 F.3d 524 (5th Cir. 2000) .........................................................................15

*In re Highland Capital Management, LP*,
2021 WL 3772690 (N.D. Tex. 2021) .............................................................11

*Jamison v. Esurance Ins. Servs., Inc.*,
No. 3:15-CV-2484-B, 2016 WL 320646 (N.D. Tex. Jan. 27,
2016) ................................................................................... 16, 18, 24, 27

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936)...............................................................................16, 18, 19

iv

*In re Lieb*,
915 F.2d 180 (5th Cir. 1990) ............................................................................10

*McCoy v. SC Tiger Manor, LLC*,
No. CV 19-723-JWD-SDJ, 2022 WL 164537 (M.D. La. Jan. 18,
2022) .................................................................................................................16

*In re Meyertech Corp.*,
831 F.2d 410 (3rd Cir. 1987) .........................................................................9, 10

*Morris v. Spectra Energy Partners (DE) GP, LP*,
246 A.3d 121 (Del. 2021) ....................................................................16, 17, 24

*In re Ramu Corp.*,
903 F.2d 312 (5th Cir. 1990) ...........................................................................14

*In re Reliant Energy Channelview L.P.*,
594 F.3d 200 (3d Cir. 2010) ............................................................................15

*Texas v. United States*,
40 F.4th 205 (5th Cir. 2022) ......................................................................16, 17

*In re West Delta Oil Co., Inc.*,
2023 WL 21016578 (5th Cir. 2003) .................................................................17

*Wheeling-Pittsburgh Steel Corp. v. McCune*,
836 F.2d 153 (3rd Cir. 1987) ...........................................................................25

**Statutes**

28 U.S.C. 1292(b) ...........................................................................................11

**Other Authorities**

Fed. R. Civ. P. 12(b)(6).....................................................................................7

v

## I.      **RELIEF SOUGHT**

An Order directing that the Bankruptcy Court's order granting an indefinite stay pending appeal to be reversed with remand instructions to allow the matter to proceed.

1

## II.    ISSUE PRESENTED

Whether the Bankruptcy Court abused its discretion in granting Respondents' motion for an indefinite stay of Appellant's motion seeking permission to bring suit in Delaware to remove the trustee of a Delaware statutory trust when (1) Respondents failed to meet the required standard for obtaining a stay; (2) the Bankruptcy Court erroneously concluded that the issue of Appellant's standing to seek removal of the Claimant Trustee would be decided in other cases pending before the Court; and (3) an indefinite or unduly lengthy stay of litigation of the type ordered by the Bankruptcy Court is expressly disfavored by the Fifth Circuit.

CORE/3529447.0003/191181984.14

### III.   **INTRODUCTION**

To avoid consideration on the merits of Hunter Mountain Investment Trust's ("HMIT's") well-founded motion for leave ("Motion for Leave") to bring suit in Delaware ("Delaware Complaint") to remove James P. Seery, Jr. ("Seery") as Trustee ("Claimant Trustee") of the Highland Capital Management, L.P. Claimant Trust ("Claimant Trust"), the reorganized debtor in this chapter 11 case ("HCMLP") and the Claimant Trust (collectively, "Highland") filed a motion ("Motion to Stay") requesting the Bankruptcy Court to indefinitely stay all proceedings in connection with HMIT's Motion for Leave.[1] In short, Highland is attempting to insulate Seery from having to defend his misconduct as Claimant Trustee to the Delaware court tasked with protecting beneficiaries of Delaware trusts from conflicted and hostile trustees. The Bankruptcy Court granted Highland's motion for an indefinite stay pending appeal despite Highland's failure to meet the requisite standard for such relief ("Bankruptcy Court Stay Order"). As explained below, that was an abuse of discretion to the continuing prejudice of HMIT that cannot be rectified by ordinary appeal. Thus, this Court should grant the Petition to review the decision of the bankruptcy judge.

---

[1] Highland's Motion to Stay Contested Matter [Dkt. No. 4000] or for Alternative Relief, Dkt. 4013, dated January 16, 2024, annexed hereto as **Exhibit 7**, at ¶ 13 (App. 382). Seery also filed a Joinder to Highland Capital Management, L.P.'s Motion to Stay Contested Matter [Dkt. No 4000] or for Alternative Relief and Emergency Motion to Expedite Hearing on Motion for Stay ("Seery Joinder"), Dkt. 4019, dated January 22, 2024, annexed hereto as **Exhibit 8** (App. 385-387).

3

## IV.   FACTUAL BACKGROUND

On January 1, 2024, HMIT filed its Motion for Leave,[2] seeking leave to file the Delaware Complaint[3] under the gatekeeping provision first established in the Order Approving Settlement with Official Committee of Unsecured Creditors regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course[4] and then reaffirmed and further defined in the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified).[5] The Delaware Complaint seeks to remove Seery because of his continuing breach of his fiduciary duties, including his duty of loyalty, by, among other things: (i) excessively using assets of the Clamant Trust to fund an unreasonably large indemnity sub-trust of at least $35 million (reportedly now $50 million)[6] (created to pay Seery's own legal expenses and those of HCMLP's counsel), and (ii) designating still other funds – an additional $90 million –  as indemnity reserves, rather than using such funds to pay the claims of Claimant Trust beneficiaries. Serry is refusing to pay in full the Class 8 and 9 creditors (comprising holders of unsecured claims) to prevent the holders of contingent interests (former equity holders in HCMLP) ("Contingent

---

[2] Motion for Leave to File a Delaware Complaint, Dkt. 4000, dated January 1, 2024, annexed hereto as **Exhibit 6** (App. 237-375).

[3] *Id.* at Dkt. 4000-1 (App. 277-293).

[4] Order Approving Settlement with Official Committee of Unsecured Creditors regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course, Dkt. 339, dated January 9, 2020, annexed hereto as **Exhibit 13**, at ¶ 10 (App. 514-515).

[5] Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified), Dkt. 1943, dated February 22, 2021, annexed hereto as **Exhibit 14**, at ¶ 12 (App. 529).

[6] **Exhibit 6** at ¶ 22 (App. 254).

CORE/3529447.0003/191181984.14

Interest Holders")—including HMIT—from being recognized as vested beneficiaries under the terms of the Claimant Trust Agreement ("CTA"). Such conduct is clearly not in the best interests of the unsecured creditors or former equity (*i.e.*, Classes 8, 9, 10, and 11).[7]

As explained in HMIT's Motion for Leave, HMIT has standing to pursue Seery's removal because it is actually "in the money" or, alternatively, should be recognized as being "in the money" with the rights of a vested beneficiary under the CTA because Seery's failure to make this declaration concerning HMIT's status violates Seery's duty of good faith and fair dealing.[8] HMIT also has standing as an intended contingent beneficiary under Delaware law.[9] That said, it is Seery's actions as a fiduciary, not the valuation of estate itself, that is the core of the claim to be asserted in the Delaware Complaint.

Rather than substantively responding to HMIT's Motion for Leave, Highland filed the Motion to Stay to delay proceedings despite the clear potential for irreparable harm to HMIT.[10] Highland's Motion to Stay, which Seery also joined,[11] urged that all proceedings related to the Motion for Leave should be indefinitely

---

[7] **Exhibit 6** at pp. 23-29 (App. 265-271).

[8] *Id.* at pp. 18-19 (App. 260-261). Under the Claimant Trust Agreement, upon paying all Class 8 and Class 9 unsecured creditors in full with interest, Seery is bound to file a "GUC Certification" declaring that the Contingent Interest Holders' claims are vested. *Id.*

[9] *Id.* at pp. 16-22 (App. 258-264).

[10] *See generally* **Exhibit 7** (App. 376-384).

[11] **Exhibit 8** (App. 385-387).

CORE/3529447.0003/191181984.14

stayed until entry of a final, non-appealable order in a separately filed adversary proceeding commenced by The Dugaboy Investment Trust ("Dugaboy") and HMIT ("Valuation Proceeding").[12]

In the Valuation Proceeding, Dugaboy and HMIT seek a determination by the Bankruptcy Court of the value of the estate and an accounting of the assets held by the Clamant Trust. Highland moved to dismiss the Valuation Proceeding, arguing, among other things, that both Dugaboy and HMIT lacked standing because they are purportedly not beneficiaries of the Claimant Trust.[13] Highland alternatively argued that the claims in the Valuation Proceeding should be dismissed, contending that: (1) the Court lacks subject matter jurisdiction, (2) HMIT improperly seeks an advisory opinion, (3) the claims are barred by collateral estoppel, and (4) the claims fail as a matter of law.[14] Dugaboy and HMIT opposed the motion to dismiss.[15]

Highland argued in its Motion to Stay that HMIT's Motion for Leave should be indefinitely stayed until the Valuation Proceeding is finally concluded, including appeals, because a ruling on whether HMIT is a beneficiary of the Claimant Trust in

---

[12] *The Dugaboy Inv. Trust, et al. v. Highland Capital Mgmt., L.P., et al.*, Adv. Proc. No. 23-03038-sgj (Bankr. N.D. Tex.), Complaint to (I) Compel Disclosures about the Assets of the Highland Claimant Trust and (II) Determine (A) Relativity Value of those Assets, and (B) Nature of Plaintiffs' Interests in the Claimant Trust, Dkt. 1, dated May 10, 2023, annexed hereto as **Exhibit 2** ("Valuation Complaint") (App. 040-068).

[13] Memorandum of Law in Support of Highland Capital Management L.P. and the Highland Claimant Trust's Motion to Dismiss Complaint, Adv. Proc. 23-03038, Dkt. 14, dated November 22, 2023 ("Motion to Dismiss"), annexed hereto as **Exhibit 4**, at p. 3 (App. 182).

[14] *See id.*

[15] The Dugaboy Investment Trust and Hunter Mountain Investment Trust's Response to the Highland Parties' Motion to Dismiss Complaint, Adv. Proc. 23-03038, Dkt. 17, dated December 29, 2023, annexed hereto as **Exhibit 5** (App. 206-236).

6

the Valuation Proceeding will "necessarily dispose" of the Motion for Leave. Highland also argued that a stay will not harm HMIT because a stay will not force HMIT to "wait any time for that issue to be litigated."[16] But Highland's argument is incorrect for two reasons. First, HMIT will be prejudiced by an indefinite stay of the Motion for Leave and Highland will not be harmed by a denial of the requested stay. Second, the standing issues in the Delaware Complaint and the Valuation Proceeding are not identical because the two proceedings assert different bases for the claims asserted in each proceeding and request distinct, non-overlapping relief.

On January 31, 2024, the Bankruptcy Court ordered that all proceedings in connection with the Motion for Leave be temporarily stayed pending its ruling on the Motion to Dismiss and ordered a status conference in connection with the Motion to Stay. On May 24, 2024, the Court issued its Memorandum Opinion and Order granting the Motion to Dismiss the Valuation Proceeding.[17] In that order, the Bankruptcy Court dismissed the Valuation Complaint under Rule 12(b)(6) based on its finding that Dugaboy could not prove any set of facts that would demonstrate that it had a right to the information it sought in the Valuation Proceeding.[18] On June 12,

---

[16] **Exhibit 7** at pp. 5-6 (App. 381-382).

[17] Memorandum Opinion and Order Granting Motion to Dismiss Adversary Proceeding in which Contingent Interest Holders in Chapter 11 Plan Trust Seek a Post-Confirmation Valuation of Trust Assets, Adv. Proc. 23-03038, Dkt. 26, dated May 24, 2024, annexed hereto as **Exhibit 9** (App. 388-424).

[18] *Id.* at p. 32 (App. 420).

CORE/3529447.0003/191181984.14

2024, the Court held a status conference to hear arguments related to the Motion to Stay.

In its order filed June 24, 2024 (signed on June 22, 2024), which is the subject of this mandamus petition, the Bankruptcy Court granted Highland's Motion to Stay "until a court of competent jurisdiction enters final, non-appealable orders resolving" the Valuation Proceeding.[19] The Court determined that "the legal and factual bases set forth in the Motion establish good cause for the relief granted."[20] But without further explanation of "good cause," the Court improperly issued an indefinite stay of the Motion for Leave and extended the stay "until a court of competent jurisdiction enters final, non-appealable orders resolving the Appeals."[21]

The Bankruptcy Court's order stayed the proceeding not just until the resolution of the Valuation Proceeding, as Highland requested, but also independently added the requirement of the resolution of a second proceeding currently under appeal, relief never even requested by Highland. Specifically, the Bankruptcy Court stayed proceedings until resolution of HMIT's pending appeal of the Bankruptcy Court's Memorandum Opinion and Order Pursuant to Plan "Gatekeeper Provision" and Pre-Confirmation "Gatekeeper Orders": Denying

---

[19] Order Extending Stay of Contested Matter [Docket No. 4000], Dkt. 4104, dated June 24, 2024, annexed hereto as **Exhibit 12**, at p. 3 (App. 507).

[20] *Id.*

[21] *Id.*

Hunter Mountain Investment Trust's Emergency Motion for Leave to File Verified Adversary Proceeding [Docket No. 3903].[22] In that separate proceeding, HMIT sought leave  to file an adversary proceeding against Seery under the gatekeeping provisions of HCMLP's plan of reorganization for, among other things, breaching his fiduciary duties related to post-confirmation claims trades ("Claims Trading Proceeding").[23] On August 25, 2023, the Bankruptcy Court issued its Order Denying Leave finding, among other things, that HMIT lacked standing to pursue its claims in the Claims Trading Proceeding.[24] HMIT appealed the Order Denying Leave, and the appeal is pending in the District Court.[25]

## V.     <u>STANDARD OF REVIEW</u>

In bankruptcy cases, "the definition of a final order is less than crystalline."[26] While a stay is not "ordinarily a final decision," when a stay amounts "to a dismissal of the underlying suit[,] an appellate court may review it."[27] Appellate jurisdiction for review is "properly invoked by balancing a general reluctance to expand traditional interpretations regarding finality and a desire to effectuate a practical

---

[22] *Id.* at p. 2 (App. 506). The Bankruptcy Court Stay Order calls this order the "Order Denying Leave."

[23] Hunter Mountain Investment Trust's Emergency Motion for Leave to File Verified Adversary (sic) Proceeding, Dkt. 3699, annexed hereto as **Exhibit 1**, at pp. 3-4 (App. 005-006).

[24]  Memorandum Opinion and Order Pursuant to Plan "Gatekeeper Provision" and Pre-Confirmation "Gatekeeper Orders": Denying Hunter Mountain Investment Trusts' Emergency Motion for Leave to File Verified Adversary Proceeding, Dkt. 3903, dated August 25, 2023, annexed hereto as **Exhibit 3**, at p. 104 (App. 173).

[25] *Hunter Mountain Inv. Trust v. Highland Capital Mgmt., L.P., et al.*, Case 3:23-CV-02071-E (N.D. Tex.).

[26] *In re Meyertech Corp.*, 831 F.2d 410, 414 (3rd Cir. 1987).

[27] *Cheyney State Coll. Fac. v. Hufstedler*, 703 F.2d 732, 735 (3rd Cir. 1983).

termination of the matter before [the court]."[28] In the Fifth Circuit, a writ of mandamus is awarded "not as a matter of right, but in the exercise of a sound judicial discretion."[29] The Fifth Circuit has determined that the required "extraordinary" circumstances exist when (1) "there is no other avenue of appeal available";[30] (2) "there is a serious potential for irreparable harm"; and (3) the deciding court abused its discretion.[31] The party seeking the writ has the burden of proving the need for the writ.[32]

## VI.   ARGUMENTS FOR ISSUING THE WRIT

### A.   There Is No Other Avenue to Appeal the Bankruptcy Court's Order

A petition for writ of mandamus is likely the *only* avenue of appeal available to HMIT. As decided by the Fifth Circuit, an order on a stay "cannot be reviewed" under the statutory framework and "there is no other avenue of appeal available" to a party facing "irreparable harm."[33] An order addressing a stay is "not a final order" because "[i]t did not conclusively determine the outcome of the appeal, which

---

[28] *Meyertech Corp.*, 831 F.2d at 414.

[29] *In re Barrier*, 776 F.2d 1298, 1299 (5th Cir. 1985) (quoting *Duncan Townsite Co. v. Lane*, 245 U.S. 308, 311 (1917)).

[30] Given the lack of clarity in the law about the appropriate mechanism for obtaining review, HMIT files this petition for writ of mandamus in the alternative to its notice of appeal by right and its motion for leave to file an interlocutory appeal, which were previously filed.

[31] *Id.*

[32] *In re Lieb*, 915 F.2d 180, 186 (5th Cir. 1990).

[33] *In re Barrier*, 776 F.2d at 1299.

remains pending[.]"[34] Thus, petitioning this Court to issue a writ of mandamus is the only available avenue of appeal.[35]

## B.    HMIT Would Be Irreparably Harmed by the Indefinite Stay

HMIT will suffer irreparable harm as a result of the indefinite stay of the Motion for Leave (and, by extension, its delay of prosecution of the claims in the Delaware Complaint).

Here, Highland ignores the delay that will necessarily occur because of the ordered indefinite stay and instead focuses on the fact that a stay "will not force HMIT to wait any time for that issue [of whether it is a beneficiary of the Claimant Trust] to be litigated and decided, much less an 'indefinite' or even 'lengthy' time."[36] Highland misses the point. It is not the delay of a decision on this one issue that matters, it is the delay of HMIT's ability to move forward with its claims in the Delaware Complaint so Seery can be removed that matters.

---

[34] *Id.*

[35] As evidenced by HMIT's various filings attempting to appeal or review the Bankruptcy Court's Order, the correct path for challenging the Order is not clear. As addressed in this Petition, a writ of mandamus may be the only available path. The decision, however, could possibly be addressed through (1) an appeal by right or (2) a permissive interlocutory appeal. First, as stated by the Fifth Circuit in *Grace v. Vannoy*, appellate jurisdiction can be exercised over "'a small class' of collateral orders [that] 'are too important to be denied immediate review.'" 826 F.3d 813, 815-16 (5th Cir. 2016) (quoting *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009). A stay that has "the practical effect" of a dismissal can fall into that small class of orders. *Id.* at 817 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp*., 460 U.S. 1, 13 (1983)). Second, under *In re Highland Capital Management, LP*, an order granting a stay may be reviewed under a permissive interlocutory appeal if the challenge meets the standards under 28 U.S.C. 1292(b). 2021 WL 3772690, at *2 (N.D. Tex. 2021). To ensure the necessary review of the Bankruptcy Court's erroneous decision, HMIT pursued each potential path so as to not waive any argument in appealing the Order.

[36] **Exhibit 7**, at pp. 5-6 (App. 381-382).

As detailed in its Motion for Leave, HMIT has pleaded serious allegations against Seery that require immediate consideration and Seery's immediate removal as Claimant Trustee. These allegations, include, but are not limited to, breaching his duty of loyalty by failing to: (i) pay creditors, (ii) file the GUC Certification, (iii) certify that former equity holders are vested under the CTA, (iv) maximize the value of the Claimant Trust for the benefit of its beneficiaries by filing unnecessary proceedings and improperly depleting the value of the Claimant Trust by spending inordinate amounts of cash on unnecessary professional fees.[37] Seery also has used (and continues to use) the Claimant Trust to his own pecuniary advantage by funding an increasingly sizable indemnification reserve (pursuant to an Indemnity Sub-trust). He also continues to remain employed at $150,000 a month.  Finally, he effectively gives himself a release by attempting to prevent any action against him from proceeding until it is equitably moot.[38] Seery's actions (and inactions) are ongoing and  continue to prejudice and harm HMIT as long as they continue. For example, Seery will continue to unnecessarily spend Claimant Trust funds as a false cover for Seery's failure to certify that HMIT is "in the money," a tactic also intended to prevent HMIT from ever challenging Seery's tenure as Claimant Trustee.

---

[37] **Exhibit 6** at ¶ 49 (App. 265-266)
[38] *Id.* at ¶¶ 56-60 (App. 268-270)

CORE/3529447.0003/191181984.14

In other words, it is not only the delay in having the specific standing issue decided, as Highland suggests, that could harm HMIT. A central harm to HMIT is the delay in having the allegations in the Delaware Complaint addressed by a court because Seery's unlawful behavior continues without effective oversight. There is no visibility into precisely what is being paid from the Indemnity Sub-trust, enabling excessive spending to go unchecked. One only needs to look at the list of hearing participants for nearly every hearing, no matter how minor, to see the huge number of lawyers attending in addition to the already large number appearing. With the burn rate shown by the last several quarterly reports (averaging around $5.4 million a month for 2023),[39] the harm of a multi-year delay is manifest. Highland's Motion to Stay fails to address these issues or any of the allegations related to Seery in the Motion for Leave.

As a result of the indefinite stay requested by Highland and granted by the Bankruptcy Court, coupled with the potential that the Bankruptcy Court, this Court, or the Fifth Circuit agrees with HMIT and finds that it has standing in the Valuation Proceeding or the Claims Trading Proceeding, HMIT still would be unable to move forward with its Motion for Leave until *all* appeals in the Valuation Proceeding and the Claims Trading Proceeding are concluded. In other words, even if HMIT is

---

[39] Dkt. Nos. 3756, 3757, 3888, 3889, 3955, 3956, 4130, and 4131, annexed hereto as **Exhibits 15-26**, respectively (App. 679-840). The burn rate for 2024 is opaque because there is no way to know what is being spent from the indemnity sub-trust.

correct and successful at every level of appeal in the Valuation Proceeding, HMIT will still be prejudiced by the several-year delay in resolving the Motion for Leave and the Delaware Complaint while the Valuation Proceeding and Claims Trading Proceeding work their way through the appellate process. And as the Fifth Circuit held in *In re Ramu Corp.*, "[e]ven discretionary stays . . . will be reversed when they are 'immoderate or of an indefinite duration.'"[40] While it is obvious that Highland and Seery would prefer this outcome, it is unfair and irreparably prejudicial to HMIT, and therefore impermissible.

On the other hand, a denial of the requested stay would not have harmed Highland, let alone irreparably harmed Highland as required by the standards set forth above. Highland's premise for its Motion to Stay, that a stay will "conserve judicial resources and the time, effort, and expense of the litigants[,]"[41] is false. As Highland recognizes, it has already briefed whether HMIT is a beneficiary of the Claimant Trust in the Valuation Proceeding.[42] Nowhere in its Motion to Stay did Highland explain how it would be prejudiced or harmed by briefing an issue that it contends it has already briefed and that it contends is identical in both proceedings. Meanwhile, Seery continues to improperly consume Claimant Trust assets.

---

[40] 903 F.2d 312, 318 (5th Cir. 1990) (citing *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982)).

[41] **Exhibit 7** at ¶ 8 (App. 381)

[42] *Id.* at ¶ 1 (App. 378)

14

In sum, HMIT faces potential for irreparable harm based on the need for Seery to be immediately removed as trustee. Any delay in that process is unacceptable and tantamount to an outright denial of the relief sought.

## C.    The Bankruptcy Court Abused its Discretion

This Court applies an abuse of discretion standard when reviewing matters committed to the bankruptcy court's discretion.[43] "To constitute an abuse of discretion, the [bankruptcy] court's decision must be either premised on an application of the law that is erroneous, or on an assessment of the evidence that is clearly erroneous."[44]

Here, the Bankruptcy Court abused its discretion by granting the Motion to Stay for three reasons: (1) Highland's motion failed to meet the requisite legal standard for granting a stay; (2) the standing issues addressed in the Valuation Proceeding and the Claims Trading Proceeding are not identical to each other or the standing issue implicated by the Motion for Leave and Delaware Complaint (they are three objectively distinct proceedings); and (3) the Bankruptcy Court committed legal error in issuing an indefinite stay. Each issue is discussed in turn.

---

[43] *In re Acis Capital Mgmt., L.P.*, 604 B.R. 484, 506 (N.D. Tex. 2019) (quoting *In re Reliant Energy Channelview L.P.*, 594 F.3d 200, 205 (3d Cir. 2010)), *aff'd sub nom. Matter of Acis Capital Mgmt., L.P.*, 850 Fed. Appx. 302 (5th Cir. 2021)

[44] *Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 528 (5th Cir. 2000) (citing *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999).

15

> ### 1.    Highland Did Not Attempt to and Cannot Satisfy the Legal Standard for Seeking a Stay

When asked to consider whether to grant a stay of litigation, a court must determine "(1) whether the applicant has made a strong showing of likelihood to succeed on the merits; (2) whether the movant will be irreparably harmed absent a stay; (3) whether issuance of a stay will substantially injure other interested parties; and (4) where the public interest lies."[45] The applicant's "burden is a substantial one, as a stay is an 'extraordinary remedy.'"[46] "The Supreme Court has characterized the circumstances in which a stay [of litigation] is appropriate as 'rare.'"[47]

The Bankruptcy Court abused its discretion in determining that Highland met this substantial standard. With limited explanation or analysis, the Bankruptcy Court found that "there is a likelihood of success on the merits," because it had "already ruled on this."[48] In doing so, the Bankruptcy Court abused its discretion by failing to (1) analyze all of the arguments and authority presented by HMIT in its briefing and at the hearing, and (2) hold Highland to its burden on a motion for stay. First, the Bankruptcy Court did not address the authority of *Morris v. Spectra Energy*

---

[45] *Texas v. United States*, 40 F.4th 205, 215 (5th Cir. 2022) (quoting *Thomas v. Bryant*, 919 F.3d 298, 303 (5th Cir. 2019), *overruled on other grounds*, *United States v. Texas*, 599 U.S. 670 (2023)); *see also McCoy v. SC Tiger Manor, LLC*, No. CV 19-723-JWD-SDJ, 2022 WL 164537, at *1 (M.D. La. Jan. 18, 2022) (applying these four factors to deny motion to stay pending resolution of related action).

[46] *Texas v. United States*, 40 F.4th 205, 215 (5th Cir. 2022) (quoting *Thomas v. Bryant*, 919 F.3d 298, 303 (5th Cir. 2019), *overruled on other grounds*, *United States v. Texas*, 599 U.S. 670 (2023)).

[47] *Jamison v. Esurance Ins. Servs., Inc.*, No. 3:15-CV-2484-B, 2016 WL 320646, at *4 (N.D. Tex. Jan. 27, 2016) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)).

[48] June 12, 2024 Hearing Transcript, Dkt 4091, annexed hereto as **Exhibit 11**, at 43:19-25 (App. 498) (referring to **Exhibit 9** (App. 388-424) (Order dismissing the Valuation Proceeding).

16

*Partners (DE) GP, LP* provided by HMIT, showing that standing analysis should be more flexible when a defendant controls the facts giving rise to standing.[49] In other words, if Seery has acted in a manner to ensure that the Contingent Interest Holders, like HMIT, never become vested beneficiaries under the Claimant Trust Agreement, that is an action that the courts can and should rectify. The Bankruptcy Court did not even address the *Morris* case, much less explain why it does not apply to the circumstances here. "A bankruptcy court abuses its discretion if it fails to apply the proper legal standard."[50] In failing to address this authority (and HMIT's substantive arguments about why it has standing to pursue a Delaware action against Seery), the Bankruptcy Court failed to apply the correct legal standard.

Second, the Bankruptcy Court abused its discretion in failing to hold Highland to its "substantial" burden.[51] In its Stay Order, the Bankruptcy Court determined that "the legal and factual bases set forth in the Motion [to Stay] establish good cause for the relief granted."[52] Highland's Motion to Stay, however, recites no standard at all, nor did Highland seek to satisfy the prevailing standard other than to recount a superficial and incorrect analysis of whether HMIT would suffer harm if the stay is

---

[49] 246 A.3d 121, 136-37 (Del. 2021); *see also* Hunter Mountain Investment Trust's Supplement to Response to Motion to Stay, Dkt. 4087, annexed hereto as **Exhibit 10**, at pp. 2-3 (App. 427-428).

[50] *In re West Delta Oil Co., Inc.*, 2023 WL 21016578, at *3 (5th Cir. 2003).

[51] *Texas v. United States*, 40 F.4th at 215.

[52] **Exhibit 12** at p. 3 (App. 507).

17

granted. These failures alone were fatal to the Motion to Stay, but were ignored by the Bankruptcy Court.

Rather than addressing the appropriate factors in connection with a motion to stay, Highland cited to only one irrelevant criminal case in which the Fifth Circuit declined to stay an appeal based on a party's representation that it would eventually dismiss the appeal if a superseding indictment survived dismissal.[53] In doing so, the Fifth Circuit cited *Landis* for the unremarkable proposition that the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[54]

A stay, however, is not appropriate simply because other pending litigation involves a similar or even the same standing question.[55] For example, in *Jamison*, the defendant requested a stay pending the Supreme Court's rulings on two separate cases addressing standing and mootness questions that were also present in *Jamison*.[56] The Northern District of Texas rejected the request, finding that "[b]ecause standing is a subject matter jurisdiction question, it can be raised at any time during the litigation."[57] Accordingly, "[a]llowing the case to proceed inflict[ed]

---

[53] **Exhibit 7** at ¶ 9, n.8 (App. 381) (citing *United States v. Rainey*, 757 F.3d 234, 241 (5th Cir. 2014)).

[54] *United States v. Rainey*, 757 F.3d 234, 241 (5th Cir. 2014) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)).

[55] *See Jamison*, 2016 WL 320646, at *4.

[56] *Id.* at *1.

[57] *Id.* at *4.

18

no significant hardship" because the defendant could raise the standing issue after the Supreme Court's ruling, if applicable.[58] Thus, the court denied the defendant's motion to stay.[59]

The Supreme Court also has held that "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both."[60] In *Landis*, respondents sought to enjoin enforcement of the Public Utility Holding Company Act of 1935 by arguing that it was unconstitutional.[61] After respondents filed suit, several other lawsuits seeking the same relief were filed throughout the country.[62] The government moved to stay the injunction proceedings to secure an early determination of its rights by proceeding with certain other test cases.[63] Although the district court first granted the stay, the Supreme Court granted certiorari and vacated the "unreasonable" stay order because "the proceedings in the District Court have continued more than a year. With the possibility of an intermediate appeal to the Circuit Court of Appeals, a second year or even more may go by before this court

---

[58] *Id.*

[59] *Id.*; *see also Alexander v. Navient Sols., Inc.*, No. 5:15-CV-00837-RP, 2016 WL 11588317, at *2 (W.D. Tex. Feb. 19, 2016) (denying motion to stay, which sought to stay proceeding pending resolution of similar standing issue in U.S. Supreme Court case, because "[s]tanding is jurisdictional, and Defendant can reassert at any time that this Court lacks the jurisdiction to hear Plaintiffs' claim").

[60] *Landis*, 299 U.S. at 255.

[61] *Id.* at 249.

[62] *Id.* at 250.

[63] *Id.* at 250-51.

19

will be able to pass upon the Act."[64] Here, too, a cursory examination of the course of various appeals in this bankruptcy case establishes that it will take several years for the adversary proceedings at issue and their later appeals to be finally resolved.

***Chart A-1: Demonstrating Actual Timing from Appeal of Bankruptcy Court Order to Fifth Circuit Judgment***

| District Court Appeal (N.D. Tex.) Case No. | Notice of Appeal of Bankruptcy Court Decision ("NOA") Date | District Court Judgment ("DCJ") Date | Duration: NOA to DCJ (Days) | Fifth Circuit Case No. | Fifth Circuit Judgment Date | Duration: DCJ to Fifth Circuit Judgment (Days) | Total Duration: NOA to Fifth Circuit Judgment (Days/Years) |
|---|---|---|---|---|---|---|---|
| 3:21-cv-00261-L | 2/3/2021 | 9/26/2022 | 600 | 22-10960 | 7/31/2023 | 308 | **908/2.49** |
| 3:21-cv-01295-X | 5/27/2021 | 9/22/2022 | 483 | 22-10983 | 7/28/2023 | 309 | **792/2.17** |
| 3:21-cv-01590-N | 6/15/2021 | 8/17/2022 | 428 | 22-10889 | 7/1/2024 | 684 | **1,112/3.05** |
| 3:21-cv-01895-D | 8/4/2021 | 1/28/2022 | 177 | 22-10189 | 1/11/2023 | 348 | **525/1.44** |
| 3:23-cv-02071-E | 8/16/2021 | 9/28/2022 | 408 | 22-11036 | 4/26/2024 | 576 | **984/2.70[65]** |

---

[64] *Id.* at 256.

[65] Remanded to District Court; resolved by stipulation approved July 3, 2024, not court decision.

*Chart A-2: Demonstrating Actual Timing of Appeals Still Pending*

| District Court Appeal (N.D. Tex.) Case No. | Notice of Appeal of Bankruptcy Court Decision ("NOA") Date | District Court Judgment ("DCJ") Date | Duration: NOA to DCJ (Days) | Fifth Circuit Case No. | Days Pending as of this filing, continuing to accrue |
|---|---|---|---|---|---|
| 3:21-cv-00881-x | 4/13/2021[66] | 7/6/2023 | 814 | 23-10911 | 1,198[67] |
| 3:22-cv-02170-S | 9/20/2022 | 2/28/2024 | 526 | 24-10267 | 673[68] |
| 3:23-cv-00573-E | 3/13/2023 | | | 23-10534 | 499[69] |
| 3:23-CV-1503-B | 6/27/2023 | | | | 393[70] |
| 3:23-cv-02071-E | 9/8/2023 | | | | 320[71] |

In sum, the Bankruptcy Court abused its discretion by (1) failing to address the authority cited by HMIT detailing the correct legal standard and (2) determining that Highland had met its substantial burden despite failing to address or apply any aspect of the proper standard.

> **2.     The Standing Issues Raised in the Valuation and Claims Trading Proceedings and the Motion for Leave Are Not Identical**

Even if the Bankruptcy Court did not abuse its discretion, the Bankruptcy Court's reasoning regarding the standing issue constitutes an abuse of discretion. The Bankruptcy Court's reasoning and Highland's Motion to Stay turn on the

---

[66] Withdrawal of Reference filed April 13, 2021; Bankruptcy court did not submit its Report and Recommendation until December 6, 2022 (602 days later), supplementing on January 17, 2023.

[67] Oral argument scheduled for August 2024.

[68] Highland under extension for response brief until August 2024.

[69] Direct appeal to Fifth Circuit filed in District Court; Oral argument heard in Fifth Circuit on February 8, 2024; no decision yet.

[70] Briefing complete January 12, 2024, oral argument not yet set.

[71] Briefing complete April 3, 2024, oral argument not yet set.

21

mistaken belief that whether HMIT has standing is identical in both the Valuation Proceeding and the Motion for Leave/Delaware Complaint. In granting the indefinite stay, the Bankruptcy Court abused its discretion in determining that the issue of standing is identical.

As explained above, the Bankruptcy Court also concluded that the stay should extend until the resolution of the appeal of the Claims Trading Proceeding, without any hint of, much less formal request for, this relief by Highland. To the contrary, in its Motion for Stay, Highland explicitly recognized that with respect to the Order Denying Leave: "Given the scope of the appeal, it is unclear whether the District Court will address the Bankruptcy Court's determination that HMIT is not a beneficiary under the Claimant Trust."[72] In other words, it is unnecessary that the District Court even reach the issue of HMIT's beneficiary status in the context of the Claims Trading Proceeding. Therefore, it was improper for the Bankruptcy Court to issue a stay pending conclusion of the appeal in that proceeding.

As discussed above, in the Valuation Proceeding, HMIT seeks information about the Claimant Trust's assets, and in the Delaware Complaint, HMIT specifically seeks to have Seery removed as Trustee because he has breached his fiduciary duties and the duties of good faith and fair dealing. As a result, not only is standing in the Delaware Complaint based on HMIT's status as a beneficiary under

---

[72] **Exhibit 7,** ¶ 4, n 4 (App. 379-380)

Delaware law, but it is also inextricably based on Seery's failure to file a GUC Certification declaring HMIT's status and confirming that HMIT is "in the money" so Seery can use this very manipulation to argue, among other self-serving things, against HMIT's standing. Additionally, HMIT alleges that it has standing because HMIT must be treated as a beneficiary under applicable Delaware law, lest Seery's conflicted position and breaches of the duty of good faith and fair dealing allow him to unilaterally deprive HMIT of what should be recognized as HMIT's status as a beneficiary.[73] In other words, the claims that HMIT asserts in the Delaware Complaint turn on an analysis of Seery's conflicts and conduct.[74]

By contrast, the claims asserted by HMIT in the Valuation Proceeding are not premised on Seery's breaches and failure to allow HMIT's interest to vest. Instead, that suit largely seeks information to enable the proposed plaintiffs to protect their interests. In other words, although loosely similar, the asserted bases for HMIT's standing are not identical in the two proceedings, and therefore a decision on HMIT's standing in the Valuation Proceeding is not dispositive of the separate issue framed in the Motion for Leave. Indeed, because of the multiple arguments made by the parties in the two cases (just as Highland suggested would be the case with the Claims Trading Proceeding), the Valuation Proceeding decision may not address the

---

[73] **Exhibit 6**, at pp. 19-20 (App. 261-262).
[74] *Id.* at pp. 23-29 (App. 265-271).

23

issues in the Motion for Leave to file the Delaware Complaint at all. And if any court does make a ruling on standing in the Valuation Proceeding that Highland wishes to rely on in this proceeding, it could attempt to make that argument at that time, as discussed above in *Jamison*. Therefore, a stay of the proceedings related to the Motion for Leave is inappropriate.

The Delaware Supreme Court also addressed this situation in *Morris*. In *Morris*, the Delaware Supreme Court held that a standing analysis should be more flexible when a defendant controls the facts giving rise to standing.[75] As an example, although standing to assert derivative claims in the context of mergers typically requires equity ownership, there are exceptions. One of these exceptions, described in *Morris*, includes when "the merger itself is the subject to a fraud claim, perpetrated to deprive shareholders of their standing to bring or maintain a derivative action."[76] *Morris* stands for the proposition that strict adherence to formulaic standing on a motion to dismiss must yield when the defendant's allegedly unfair conduct destroys the standing necessary to pursue the claim against the defendant.

*Morris* is directly applicable to the present issue of standing because Seery's conflicted position has allowed him to unilaterally deprive HMIT of its status as a vested beneficiary, and as a result, its standing to pursue this claim. Thus, the

---

[75] *Morris*, 246 A.3d at 136.
[76] *Id.* at 129.

CORE/3529447.0003/191181984.14

Bankruptcy Court abused its discretion by determining that standing issues were identical in the Valuation Proceeding and the Delaware Complaint.

### 3. The Bankruptcy Court Abused Its Discretion by Ordering an Indefinite Stay

The Bankruptcy Court also abused its discretion by granting relief in the form of an indefinite stay of the proceedings.

The Fifth Circuit has cautioned against granting indefinite stays.[77] There is ample case law holding that an order granting an indefinite stay is subject to appellate review when it amounts to an effective dismissal of the underlying suit.[78] For that reason, in deciding to grant a stay, a "court must also carefully consider the time reasonably expected for the resolution of the other case."[79] The Fifth Circuit has explained that a stay is "manifestly indefinite" (and inappropriate) where the "stay hinged on completion" of "bankruptcy proceedings [that] are not likely to conclude in the immediate future."[80]

Here, the Bankruptcy Court failed to correctly address (1) the proper standard for considering the timing and length of pending appeals and (2) whether the relief

---

[77] *Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co., Inc.*, 761 F.2d 198, 203, n. 6 (5th Cir. 1985).

[78] *See, e.g.*, *In re Davis*, 730 F.2d 176, 179 (5th Cir. 1984) ("[S]tay orders will be reversed when they are found to be immoderate or of an indefinite duration."); *see also CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc.*, 381 F.3d 131, 135 (3rd Cir. 2004) ("[W]hen a stay amounts to an effective dismissal of the underlying suit, it may be subject to appellate review.") (citing *Cheyney State Coll. Fac.*, 703 F.2d 732, 735 (3d Cir. 1983)); *Wheeling-Pittsburgh Steel Corp. v. McCune*, 836 F.2d 153, 158 (3rd Cir. 1987) ("Although stay orders are not usually appealable, there is an exception where an indefinite stay order unreasonably delays a plaintiff's right to have his case heard.") (quotations omitted).

[79] *In re Davis*, 730 F.2d at 179.

[80] *Id.*

CORE/3529447.0003/191181984.14

sought by HMIT would be available after the indefinite stay. Rather than weigh the likely duration of appeals in the Valuation and Claims Trading Proceedings (or even consider how long appeals emanating from the HCMLP bankruptcy typically take to resolve), the Bankruptcy Court merely implied that "judicial economy" favored a stay.[81] The Court did not explain why this is so, especially in relation to the undeniable fact that, as explained above, the proceedings involve different claims with different standing concerns, meaning that resolution of one need not impact any other. Thus, even if "judicial economy" were a proper consideration (it is not), the Bankruptcy Court's conclusions about servicing that goal are speculative at best. More importantly, the Bankruptcy Court did not properly consider the length of the stay it was entering, which is mandatory before its issuance. That was error.

Moreover, the Bankruptcy Court's stay effectively amounts to a dismissal because given the years it will likely take to resolve the pending appeals, the relief sought by HMIT in the Delaware Complaint will likely no longer be available. Once the pending appeals wind their way through the appellate courts (and potentially beyond, if any proceedings are necessary on remand), the Claimant Trust will by its terms be dissolved and Seery's duties as Claimant Trustee complete.[82] Further,

---

[81] June 12, 2024 Hearing Transcript, Dkt. 4091, annexed hereto as **Exhibit 11**, at 34:15; 42:2-45:7 (App. 489; 497-500).

[82] Under the Claimant Trust Agreement, the Claimant Trust is to be dissolved no "later than three years from the Effective Date unless the Bankruptcy Court, upon motion made within the six-month period before such third anniversary . . . determines that a fixed period extension (not to exceed two years, together with any prior extensions) is necessary[.]" The Court entered an order confirming this provision of the Claimant Trust Agreement. *See* **Exhibit 14** at § IV.B.14 (App. 645-646). The three-year period is set to expire on August 11, 2024. On July 1, 2024, Highland

26

because "standing is jurisdictional" and can be challenged "at any time," an indefinite stay to resolve an issue of standing is inappropriate. If there are dispositive rulings in the other cases, their impact, if any, on the standing issue in the Motion for Leave can be addressed at that time.[83]

Thus, this Court should review the Bankruptcy Court's decision and conclude that the Bankruptcy Court abused its discretion by indefinitely staying the proceedings.

## **PRAYER**

Because (1) the Bankruptcy Court abused its discretion, (2) there is no other avenue of appeal, and (3) the ruling at issue, if left to stand, will cause serious irreparable harm, Petitioner HMIT asks the Court to grant this Mandamus.

---

moved to extend the term of the Claimant Trust until August 11, 2025. *See* Amended Motion for an Order Extending Duration of Trusts, Dkt. 4109.

[83] *See Jamison*, No. 3:15-CV-2484-B, 2016 WL 320646, at *4 (N.D. Tex. Jan. 27, 2016); *see also Alexander*, No. 5:15-CV-00837-RP, 2016 WL 11588317, at *2 (W.D. Tex. Feb. 19, 2016).

CORE/3529447.0003/191181984.14

Respectfully submitted,

STINSON LLP

*/s/ Deborah Deitsch-Perez*
Deborah Deitsch-Perez
Texas Bar No. 24036072
Michael P. Aigen
Texas Bar No. 24012196
2200 Ross Avenue, Suite 2900
Dallas, Texas 75201
Telephone: (214) 560-2201
Facsimile: (214) 560-2203
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

*Counsel for Hunter Mountain Investment*

CORE/3529447.0003/191181984.14